IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-cv-112-BO

| | | |
|---|---|---|
| KENNETH WASHINGTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEPARTMENT OF THE NAVY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion for leave to amend his complaint. [DE 20]. For reasons discussed below, plaintiff's motion for leave to amend [DE 20] is GRANTED. Defendant's motion to dismiss [DE 18] is DENIED WITHOUT PREJUDICE in order to be amended and refiled against plaintiff's second amended complaint.

## BACKGROUND

Plaintiff brought this case under the Federal Tort Claims Act ("FTCA") alleging the wrongful death of his newborn child due to exposure to contaminated water at the Marine Corps Base Camp Lejeune. After learning of the Camp Lejeune water contamination, plaintiff filed an administrative claim with the Department of the Navy in 2010. Nine years later, in January 2019, the Navy denied plaintiff's administrative claim along with thousands of others.

Following the denial, plaintiff timely filed this FTCA action on June 21, 2019. Summons and a copy of the initial complaint were served on the Department of the Navy, with copies also sent to the United States Attorney for the Eastern District of North Carolina and the United States Attorney General, in compliance with Federal Rule of Civil Procedure 4(i).

On July 3, 2019, the United States moved to transfer the case to the Northern District of Georgia, where other cases relating to water contamination at Camp Lejeune had been consolidated. In the interim, plaintiff filed an amended complaint in August 2019. On September 10, 2019, defendant moved to dismiss for lack of subject matter jurisdiction. On September 30, 2019, plaintiff moved for leave to file a second amended complaint. On October 2, 2019, the Panel on Multidistrict Litigation denied the United States' transfer motion.

## DISCUSSION

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Indeed, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Prejudice varies by the nature of the amendment and its timing, but amendments before any discovery has occurred are generally not prejudicial. *See id.* at 427–28. Amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Here, there is no allegation of bad faith on the part of plaintiff and amendment of the complaint is neither futile nor prejudicial. Plaintiff seeks to amend merely to name the United States of America as the defendant in the action, to allege that he is the personal representative of the decedent, and to add supporting factual allegations.

The original complaint was sent to the U.S. Attorney for the Eastern District of North Carolina, satisfying Federal Rule of Civil Procedure 15(c)(2). The United States is on notice of the litigation, as evidenced by its attempt to transfer the case to the Northern District of Georgia. Given the very early stages of this case and the fact that no discovery has taken place, the Court

2

finds that the United States is not prejudiced. With respect to futility, plaintiff's amendment is not clearly insufficient or frivolous on its face. Plaintiff filed an administrative claim with the Department of the Navy, as required by the FTCA, before filing this civil action. Furthermore, plaintiff's claim is not clearly barred by the FTCA's discretionary function exception.

In short, the Court finds that leave to amend is proper.

## CONCLUSION

Plaintiff's motion for leave to amend his complaint [DE 20] is GRANTED. Defendant's motion to dismiss [DE 18] is DENIED WITHOUT PREJUDICE. Defendant should amend and refile its motion against the second amended complaint.

SO ORDERED, this the 15 day of December, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE