# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of the Navy<br>Office of the Judge Advocate General<br>Attn: Claims & Tort Litigation, Code 15<br>1322 Patterson AVE SE, Ste. 3000, Bldg 33<br>Washington Navy Yard, DC 20374-5066 | Kenneth R. Washington<br>605 S. Bell Apt# 503<br>Kokomo, IN 46901 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| [X] MILITARY [ ] CIVILIAN | 1958 | separated | 9/1980, 3/1981, 2/1982 | |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

In 1980 and 1981 my wife suffered a fetal miscarriage while in the 5th month of pregnancy. 1982 she had a premature delivery in the 7th month. While stationed at Camp Lejeune, NC in the base housing myself and family were exposed to contaminated drinking water that contained Trichlorethylene (TCE) and Tetrachloroethylene (PCE). This was caused by "ONE HOUR ABC DRYCLEANING" contaminates leaked into the groundwater that supplied drinking water to enlisted base housing.

## 9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NA

RECEIVED MAY 2010 CLAIMS DEPT. OJAG-NAVY

## 10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Because of the contaminates in the water I loss three children (Daughter and two sons). I never have had children to this day at the age of 51, never had the chance to the joys of being a father or grandfather. To this day I'm still very emotional and distraught that I can't be close to women or develop a relationship because of the fear of losing children. In my family we do not have any history of birth defects or miscarriages. This all happened while stationed at Camp Lejuene, NC.

## 11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| NA | NA |

## 12. AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 0.00 | $100,000,000.00 | $100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Kenneth R. Washington | 765-398-1347 | 05/20/2010 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE | | |
|---|---|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NA

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☒ No  **17. If deductible, state amount.**

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**

NA

**19. Do you carry public liability and property damage insurance?** ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NA

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.*

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

## QUESTIONNAIRE FOR CAMP LEJEUNE CLAIMANTS

Name: KENNETH R. WASHINGTON

1. Are you represented by legal counsel (circle one)?  Yes  **No**

2. **If the answer to question 1 is yes, please <u>forward this questionnaire to your attorney</u>. If you are represented by an attorney, ONLY your attorney may return the questionnaire to our office. The attorney should also include a letter of representation for our file. If you are not represented by an attorney, please complete the questionnaire and return it to our office.**

3. What is your current state of residence?  (State) IN.

4. Are you asserting a wrongful death claim on behalf of another person (circle one)?  **Yes**  No

5. *If the answer to question 4 is yes*, please provide the name of the person who died and the date of death. Additionally, to the best of your ability, **answer questions 7-35 on behalf of the deceased person.**

   MY 3 CHILDREN / NO NAMES
   (Name of Person Who Died)  (Date of Death)

   *If the answer to question 4 is no*, please answer the following questions on behalf of yourself.

   [for the questions below, "you" or "your" refers to the person bringing claim, or, in the case of a wrongful death claim, the person who died who is the subject of the claim]

6. What is your date of birth?  (Date) 3RD CHILD BORN FEB-1982 (PREMATURE BIRTH, DIED 30 (LATER) OR TAKE)

7. Please identify as specifically as you can (by year, and, if possible, by month) the date that you *first* drank water from Camp Lejeune's water supply?  (Date) 1979-81 + 83 to 84
   CAMP PENDLETON → 1978

8. Please identify as specifically as you can (by year, and, if possible, by month) the date that you *last* drank water from Camp Lejeune's water supply?  (Date) 1984

9. Have you suffered any of the following injuries that you believe resulted from exposure to contaminated water from Camp Lejeune: (1) childhood leukemia (2) spinal bifida, (3) anencephaly, (4) cleft lip, or (5) cleft palate (circle yes or no)?  Yes  **No**

1

10. If the answer to question 9 is yes, which injury have you suffered and what was the date of diagnosis (including the year, and, if possible, the month)?

___N/A___ (injury)   ___N/A___ (date of diagnosis)

11. Have you suffered cancer that you believe resulted from your exposure to contaminated water from Camp Lejeune (circle one)?   Yes   (No)

12. If the answer to question 11 is yes, what type of cancer have you suffered and what was the date of diagnosis (including the year, and, if possible, the month)?

___N/A___ (cancer)   ___N/A___ (date of diagnosis)

13. Have you suffered a congenital heart defect that you believe resulted from your exposure to contaminated water from Camp Lejeune (circle one)?   (Yes)   No

14. If the answer to question 13 is yes, what type of congenital heart defect do you have and what was the date of diagnosis?

___ENLARGED HEART + IRREGULAR HEART BEAT___ (heart defect)   ___2001 Peuget Sound V.A. SEATTLE, WA___ (date of diagnosis)

15. Have you suffered any other injuries (other than those identified in answers to questions 9-14) that you believe resulted from your exposure to contaminated water from Camp Lejeune   ___N/A___   (circle one?) Yes   No

16. If your answer to questions 15 is yes, state the injury and the date that your injury was diagnosed or first discovered by you (including the year, and, if possible, the month)?

| Injury | Date of Diagnosis or Discovery |
|---|---|
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |

2

17. What is the date that you first discovered that you may have been exposed to contaminated water at Camp Lejeune (including the year, and, if possible, the month)?
KNEW NOTHING ABOUT THIS UNTIL I WAS CONTACTED BY DEPT. OF NAVY (MARINE CORPS) (Date) _____

18. During the time that you believe that you were exposed to contaminated water at Camp Lejeune, were you serving in the armed forces (circle one)?

    **Yes**  No

19. During the time that you believe that you were exposed to contaminated water at Camp Lejeune, were you the spouse or child of a person serving in the armed forces (circle one)?

    Yes  **No**

20. Do you believe that you were exposed to contaminated water from Camp Lejeune while you were in your mother's womb? MY 3 CHILDREN

    **Yes**  No

21. If the answer to question 20 is yes, what are the approximate dates of your exposure to contaminated water while in your mother's womb (including the year, and, if possible the months)?

    (Dates of exposure) 1980-81

22. Are you asserting a claim for loss of consortium (companionship, care, comfort) or emotional distress based on an injury to a person you believe was exposed to contaminated water while serving in the armed forces at Camp Lejeune (circle one)?

    **Yes**  No

23. If the answer to question 22 is yes, what is the name of the person who was exposed to contaminated water while serving in the armed forces at Camp Lejeune?

    (Name) L/CPL KENNETH R. WASHINGTON

24. During the time that you believe you were exposed to contaminated water at Camp Lejeune, were you a civilian employee working for the federal government (circle one)?
    USMC
    ENLISTED    Yes  **No**

25. During the time that you believe you were exposed to contaminated water at Camp Lejeune, were you a civilian employee working for a private company (circle one)?
    USMC
    ENLISTED    Yes  **No**

3

Case 7:19-cv-00112-BO   Document 32-1   Filed 12/30/19   Page 5 of 6

26. If the answer to question 25 is yes, what is the name of the company or companies for which you were working?

    USMC (SER)ED)
    (Name of Company or Companies)

27. Did you live at the Tarawa Terrace housing development at Camp Lejeune (circle one)?

    MIDWAY PARK

    Yes  (No)

28. If the answer to question 27 is yes, please identify as specifically as you can (by year, and, if possible, by month) the approximate dates of your residence at the Tarawa Terrace housing development at Camp Lejeune?

    83 to 84
    (dates of residence)

29. Did you live at the Hospital Point housing area at Camp Lejeune (circle one)?

    Yes  (No)

30. If the answer to question 29 is yes, please identify as specifically as you can (by year, and, if possible, by month) the approximate dates of your residence at the Hospital Point housing area at Camp Lejeune?

    N/A
    (dates of residence)

31. Did you live outside of Camp Lejeune during the time that you believe you were exposed to contaminated water at Camp Lejeune (circle one)?

    Yes  (No)

32. If the answer to question 31 is yes, please identify the address or addresses of your residences and please identify as specifically as you can (by year, and, if possible, by month) the approximate dates at each residence?

    Address of Residence | Dates at Residence
    N/A | N/A

33. Did you work at the Hadnot Point industrial area at Camp Lejeune (circle one)?

    Yes  (No)

4